

U.S. Department of Justice

United States Attorney
Northern District of Iowa

*111 Seventh Avenue SE*  *(319) 363-6333*
*Box 1*  *FAX (319) 363-1990*
*Cedar Rapids, Iowa 52401-2101*  *TTY (319) 286-9258*

August 31, 2016

The Honorable Jon Stuart Scoles
Chief United States Magistrate Judge
United States Courthouse
111 Seventh Avenue SE
Cedar Rapids, Iowa 52401

    Re:   *United States v. Tyler Konigsmark*, CR 16-57-LTS

Dear Judge Scoles:

    I am writing in regard to the Rule 11 hearing scheduled to be held at 11:00 a.m. on Thursday, September 1, 2016. The attorneys appearing at the hearing will be Mark Tremmel and Christopher Nathan.

    Count 1 of the indictment charges defendant with sexual exploitation of children in violation of 18 U.S.C. §§ 2251(a) and 2251(e). Count 2 charges defendant with enticement of minors in violation of 18 U.S.C. § 2422(b). Defendant has agreed to plead guilty to Count 2, with the charge in Count 1 to be dismissed at the sentencing hearing.

    The parties have entered into a plea agreement.

## STATUTES

    Title 18, United States Code, Section 2422(b), provides in pertinent part:

Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

Title 18, United States Code, Section 2427, provides in pertinent part:

> In this chapter, the term "sexual activity for which any person can be charged with a criminal offense" includes the production of child pornography, as defined in section 2256(8).

Title 18, United States Code, Section 2256(8), provides in pertinent part:

> "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—
>
> (A)    the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct . . . .

Iowa Code Section 709.4(1) provides in pertinent part:

> A person commits sexual abuse in the third degree when the person performs a sex act under any of the following circumstances:
>
> (b)    The act is between persons who are not at the time cohabiting as husband and wife and if any of the following are true:
>
>     (2)    The other person is twelve or thirteen years of age.

Iowa Code Section 702.17 provides in pertinent part:

> The term "sex act" or "sexual activity" means any sexual contact between two or more persons by any of the following:
>
> 1. Penetration of the penis into the vagina or anus.
>
> 2. Contact between the mouth and genitalia or by contact between the genitalia of one person and the genitalia or anus of another person.
>
> 3. Contact between the finger or hand of one person and the genitalia or anus of another person, except in the course of examination or treatment by a person licensed pursuant to chapter 148, 148C, 151, or 152.
>
> 4. Ejaculation onto the person of another.

5.  By use of artificial sexual organs or substitutes therefor in contact with the genitalia or anus.

## ELEMENTS OF THE OFFENSE

The elements of Count 2 are:

1.  Between in or about April 2016 and May 2016, in the Northern District of Iowa, defendant used a facility or means of interstate or foreign commerce (SnapChat or a cell phone);

2.  Defendant knowingly used the facility or means of interstate or foreign commerce to persuade, induce, or entice one or more persons under the age of 18 to engage in illegal sexual activity[1]; and

3.  Defendant believed that such person or persons were under the age of 18.

## MAXIMUM AND MINIMUM PENALTIES

Count 2 is punishable by: (1) a mandatory minimum 10 years' imprisonment and up to life imprisonment without the possibility of parole; (2) a fine of not more than $250,000; (3) a mandatory special assessment of $100; and (4) a term of supervised release of at least 5 years to life. In addition, 18 U.S.C. § 3014 requires an additional special assessment of $5,000 if defendant is not indigent.

## OTHER CONSEQUENCES OF THE PLEA

Since this case was brought under the provisions of Chapter 117 of Title 18, defendant will be required to register as a sex offender.

As a felon, defendant will lose the right to vote, to serve on a jury, to hold public office, and to possess a firearm and ammunition. Other consequences could include the potential for enhanced penalties in the event of any future felony convictions. Furthermore, defendant could face additional penalties for failure to appear at sentencing or any other required court appearances in this matter (up to 10 years of consecutive prison time pursuant to 18 U.S.C. § 3146(b)(1)(A)) and could face consecutive penalties for committing an offense while on release (up to 10 years for a felony and up to 1 year for a misdemeanor pursuant to 18 U.S.C. § 3147).

---

[1] In this case, Iowa Code § 709.4(1)(b)(2) describes an offense that qualifies as illegal sexual activity. In addition, under 18 U.S.C. § 2427, production of child pornography qualifies as illegal sexual activity.

## FACTUAL BASIS FOR THE PLEA

A factual basis for the plea is contained in the attached plea agreement.

## MISCELLANEOUS PLEA AGREEMENT PROVISIONS

### RESTITUTION

In the plea agreement, defendant agrees defendant will be required to pay restitution for the full amount of the victims' losses to all victims of the offense(s) to which defendant is pleading guilty. Defendant also agrees that, in return for the dismissal of charges, defendant will pay additional restitution for the full amount of the victims' losses to all relevant conduct victims and to all victims of any offense(s) dismissed as a result of the plea agreement. *See* Paragraph 17.

### PRIOR PLEA OFFERS

Defendant acknowledges that a prior plea offer, dated August 23, 2016, has been rejected. Defendant agrees defendant was notified of the plea offer and defendant had a full and complete opportunity to discuss this offer with defense counsel prior to rejecting it. *See* Paragraph 29.

### DETENTION

Defendant is in custody.

Sincerely,

KEVIN W. TECHAU
United States Attorney

By: s/ Mark Tremmel

MARK TREMMEL
Assistant United States Attorney

cc: Christopher Nathan
United States Probation