

U.S. Department of Justice

United States Attorney
Northern District of Iowa

*111 Seventh Avenue SE*  (319) 363-6333
*Box 1*   *FAX (319) 363-1990*
*Cedar Rapids, Iowa 52401-2101*  *TTY (319) 286-9258*

August 25, 2016

Christopher Nathan
Assistant Federal Public Defender
222 Third Avenue SE, Suite 290
Cedar Rapids, Iowa 52401

    Re: *United States v. Tyler Konigsmark*
         No. CR 16-57-LTS

Dear Mr. Nathan:

    This letter will serve as a memorandum of a FIRST AMENDED proposed plea agreement between the United States Attorney's Office for the Northern District of Iowa and Tyler Konigsmark, defendant. All references to the "United States" or "government" in this proposed plea agreement refer to the United States Attorney's Office for the Northern District of Iowa and to no other governmental entity. This plea offer will expire on August 29, 2016, unless otherwise extended or withdrawn by the government.

## CHARGES AND PENALTIES

    1. _TK_  Defendant will plead guilty to Count 2 of the Indictment filed on July 14, 2016. Count 2 charges defendant with enticement of minors, in violation of 18 U.S.C. § 2422(b).

    2. _TK_  Defendant understands that Count 2 of the Indictment is punishable by a mandatory minimum sentence of 10 years' imprisonment and the following maximum penalties: (1) up to life imprisonment without the possibility of parole; (2) a fine of not more than $250,000; (3) a mandatory special assessment of $100; and (4) a term of supervised release of at least 5 years to life. Defendant also understands that, unless the Sentencing Court finds defendant to be indigent, an additional mandatory special assessment of $5,000 will be imposed.

    3. _TK_  Defendant understands restitution and a term of supervised release following incarceration may be imposed in addition to any other sentence. Defendant further acknowledges that, if defendant violates, at any time, any condition of supervised release, defendant could be returned to prison for the full

GOVERNMENT EXHIBIT
CR 16-57-LTS

term of supervised release and the Court is not required to grant credit for any amount of time defendant may have successfully completed on supervised release. Defendant also understands the U.S. Sentencing Guidelines will provide advisory guidance to the Court in determining a sentence in this case.

4. _TK_ At the time the guilty plea is entered, defendant will admit that defendant is guilty of the charge specified in Paragraph 1 of this agreement. After sentencing, the government will move for dismissal of any remaining counts. The U.S. Attorney's Office for this District will file no additional charges under 18 U.S.C. §§ 2251, 2252, 2252A, or 2422 based solely upon information now in our possession. If this office becomes aware of evidence of additional crimes warranting criminal prosecution, all information in our possession could be used in such a prosecution.

5. _TK_ Defendant understands and agrees defendant has the absolute right to plead guilty before a United States District Court Judge. However, if convenient to the Court, defendant agrees to waive and give up this right and to plead guilty before a United States Magistrate Judge. Defendant understands defendant will not be found guilty unless the United States District Court Judge accepts the plea of guilty or adopts a recommendation of the Magistrate Judge to accept such plea. Defendant agrees to execute the attached consent to proceed before the United States Magistrate Judge.

6. _TK_ Defendant understands and agrees that, consistent with the provisions of 18 U.S.C. § 3143, defendant may be detained pending sentencing. This is regardless of whether a U.S. Magistrate Judge or U.S. District Court Judge presides at the guilty plea hearing and regardless of whether the guilty plea is immediately accepted or formal acceptance is deferred until a later date.

## **NON-COOPERATION**

7. _TK_ Defendant understands and concedes that, although defendant is not required by the terms of this plea agreement to testify before any Court or grand jury, the United States may take the prescribed actions under 18 U.S.C. § 6001, *et. seq.* or any other applicable provision of law to compel defendant's testimony. Defendant agrees that, if defendant refuses to testify after being granted immunity and ordered by the Court to testify, defendant may be found to be in contempt of court and may be punished in accordance with Federal Rule of Criminal Procedure 42 and 18 U.S.C. §§ 401 and 402. Further, the United States Attorney's Office shall be permitted to pursue any other action available to require defendant's testimony or punish defendant's refusal to testify subsequent to any order requiring defendant to testify. Defendant understands and agrees that,

because defendant is not cooperating with the government, the United States will not recommend any decrease under §5K1.1 or any other provision of the United States Sentencing Guidelines or under 18 U.S.C. § 3553(e) or any other provision of law.

## STIPULATION OF FACTS

8. \_TK\_ By initialing each of the following paragraphs, defendant stipulates to the following facts. Defendant agrees these facts are true and may be used to establish a factual basis for defendant's guilty plea, sentence, and any forfeiture. Defendant has been advised by defendant's attorney of defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Defendant waives these rights and agrees this stipulation may be used against defendant at any time in any proceeding should defendant violate or refuse to follow through on this plea agreement, regardless of whether the plea agreement has been accepted by the Court. Defendant agrees that the stipulation below is a summary of the facts against defendant and does not constitute all of the facts the government would be able to prove at trial and may be able to prove to the Court in accordance with this agreement.

   TK A. Between in or about April 2016 and May 2016, in the Northern District of Iowa, defendant persuaded, induced, and enticed, and attempted to persuade, induce, and entice, minors under the age of 18 to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, causing and attempting to cause said visual depictions to be produced using materials that had previously been shipped and transported in and affecting interstate and foreign commerce, knowing and having reason to know that said visual depictions would be transported and transmitted in and affecting interstate and foreign commerce and using a means and facility of interstate and foreign commerce, and said visual depictions were transported and transmitted in and affecting interstate and foreign commerce and using a means and facility of interstate and foreign commerce. Between in or about April 2016 and May 2016, in the Northern District of Iowa, defendant, using a facility and means of interstate and foreign commerce, knowingly persuaded, induced, and enticed, and attempted to persuade, induce, and entice, minors under the age of 18 to engage in sexual activity for which a person could be charged with a criminal offense, that is, sexual abuse in the third degree under Iowa Code Section 709.4(1)(b)(2) and production of child pornography.

Christopher Nathan
August 25, 2016
*United States v. Tyler Konigsmark*
Page 4

    *TK* B. Defendant used Snapchat and his iPhone to request images depicting sexually explicit conduct from a 12-year-old girl, from a 13-year-old girl, and from a 14-year-old girl. The 12-year-old girl responded by sending defendant sexually explicit images of herself, including images of her vaginal area. Defendant also sent pictures of his penis to the 12-year-old girl and to the 13-year-old girl. On two occasions, after using Snapchat and his cell phone to arrange their meeting, defendant engaged in sexual intercourse with the 12-year-old girl. Defendant was a school bus attendant, and each girl rode on a bus where defendant was an attendant.

## SENTENCING PROVISIONS

    9. *TK* Defendant understands and agrees to be sentenced based on facts to be found by the sentencing judge by a preponderance of the evidence and agrees facts essential to the punishment need not be (1) charged in the Indictment; (2) proven to a jury; or (3) proven beyond a reasonable doubt. Defendant agrees the Court will determine the appropriate sentence after considering a variety of factors, including: (1) the nature and circumstances of the offense and the history and characteristics of defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence to afford adequate deterrence to criminal conduct; (4) the need for the sentence to protect the public from further crimes of defendant; (5) the need for the sentence to provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (6) the need to avoid unwarranted sentencing disparities among defendants with similar criminal records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. Defendant understands the Court will also consider the kinds of sentence and the sentencing range established by the United States Sentencing Guidelines for the applicable category of offense(s) committed by defendant and will consider any pertinent policy statements issued as part of the Guidelines. The Court will consider relevant adjustments under the United States Sentencing Guidelines, which will include a review of such things as defendant's role in the offense, criminal history, acceptance or lack of acceptance of responsibility, and other considerations. The Court may also consider other information including any information concerning the background, character, and conduct of defendant.

    10. *TK* During plea negotiations the parties may have discussed how various factors could impact the Court's sentencing decision and the determination of the advisory sentencing guidelines range. The parties agree, however, that discussions did not result in any express or implied promise or guarantee

Christopher Nathan
August 25, 2016
*United States v. Tyler Konigsmark*
Page 5

concerning the actual sentence to be imposed by the Court. Defendant understands the Court is not bound by the stipulations of the parties, nor is it bound by the sentencing range as determined pursuant to the sentencing guidelines. This plea agreement provides for no guarantee concerning the actual sentence to be imposed. Defendant further understands defendant will have no right to withdraw defendant's guilty plea if the sentence imposed is other than defendant hoped for or anticipated.

  11. _TK_ The parties stipulate and agree the United States Sentencing Guidelines should be applied as follows:

  _TK_ A. Pursuant to USSG §2G1.3(c)(1), the cross-reference to USSG §2G2.1 applies.

  _TK_ B. For each of the three victims, pursuant to USSG §2G2.1(a), defendant's base offense level is **32**.

  _TK_ C. For each of the three victims, pursuant to USSG §2G2.1(b)(1)(B), a **two-level** upward adjustment is appropriate, as the offense involved a minor who had not attained the age of 16 years.

  _TK_ D. For the twelve-year-old victim, pursuant to USSG §2G2.1(b)(2)(A), a **two-level** upward adjustment is appropriate, as the offense involved the commission of a sex act or sexual contact.

  _TK_ E. For each of the three victims, pursuant to USSG §2G2.1(b)(5), a **two-level** upward adjustment is appropriate, as the minor was in the custody, care, or supervisory control of defendant.

  _TK_ F. For each of the three victims, pursuant to USSG §2G2.1(b)(6)(B), a **two-level** upward adjustment is appropriate, as the offense involved the use of a computer or an interactive computer service to persuade, induce, or entice a minor to engage in sexually explicit conduct or to otherwise solicit participation by a minor in such conduct for the purpose of producing sexually explicit material.

  _TK_ G. Pursuant to USSG §2G2.1(d)(1) and §3D1.4, a **three-level** increase in the offense level is appropriate, as the offense involved the exploitation of three minors.

  _TK_ H. Pursuant to USSG §4B1.5(b)(1), a **five-level** increase in the offense level is appropriate, as defendant (1) was charged with a covered sex crime, and (2) engaged in a pattern of activity involving prohibited sexual conduct.

Christopher Nathan
August 25, 2016
*United States v. Tyler Konigsmark*
Page 6

    *TK* I. The United States agrees for purposes of USSG §3E1.1(b) that defendant timely notified authorities of defendant's intention to enter a guilty plea.

    *TK* J. No other agreements have been reached, and the parties are free to litigate any and all other applicable adjustments, departures, or cross-references under the United States Sentencing Guidelines, and any variances of any kind from the advisory guideline range, in any amount, in either direction.

12. *TK* Defendant, defendant's attorney, and the United States may make whatever comment and evidentiary offer they deem appropriate at the time of the guilty plea, sentencing, or any other proceeding related to this case, so long as the offer or comment does not violate any other provision of this agreement. The parties are also free to provide all relevant information and controlling authority to the Probation Office and Court for use in preparing and litigating adjustments, enhancements, or departures scored in the presentence report, including offering statements made by defendant at any time.

13. *TK* The parties are free to contest or defend any ruling of the Court, unless otherwise limited by this agreement, on appeal or in any other post-conviction proceeding.

14. *TK* Defendant understands that, pursuant to the Victim and Witness Protection Act, Title I of the Justice for All Act, and the regulations promulgated under the Act by the Attorney General of the United States:

    A. The victim of a crime is given the opportunity to comment on the offense and make recommendations regarding the sentence to be imposed. Defendant understands the victim's comments and recommendations may be different from those of the parties to this agreement.

    B. The government is required to consult with victims of serious crimes to obtain their views regarding the appropriate disposition of the case against defendant and to make any such information regarding sentencing known to the Court. Defendant understands any victim's opinions and recommendations may be different from those presented by the government.

    C. The government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly complicate the sentencing proceeding," and the Court is authorized to order

restitution by defendant to victims of crime, including, but not limited to, restitution for property loss, personal injury, or death.

## CONDITIONS OF SUPERVISION

15. **TK**    If probation or a term of supervised release is ordered, the parties are free to seek whatever conditions they deem appropriate.

## FINANCIAL MATTERS

16. **TK**    Defendant agrees to pay a special assessment of $100 as required by 18 U.S.C. § 3013. Defendant may pay the special assessment to the Clerk of Court by credit card or use the enclosed payment coupon. Defendant or defendant's representative will send or deliver the special assessment payment to the U.S. District Clerk of Court, 111 Seventh Avenue SE, Box 12, Cedar Rapids, Iowa 52401. If defendant does not pay the Clerk of Court by credit card, payment must be in the form of a money order made out to the "U.S. District Clerk of Court."

17. **TK**    Defendant agrees defendant will be required to pay restitution for the full amount of the victims' losses to all victims of the offense(s) to which defendant is pleading guilty. Defendant also agrees that, in return for the dismissal of charges, defendant will pay additional restitution for the full amount of the victims' losses to all relevant conduct victims and to all victims of any offense(s) dismissed as a result of this plea agreement. For purposes of this paragraph, the term "victim" is defined in 18 U.S.C. § 2259(c), and the term "full amount of the victims' losses" is defined in 18 U.S.C. § 2259(b)(3). Defendant further understands the amount of loss sustained by each victim will be investigated during the course of preparation of the presentence investigation report. Defendant agrees to cooperate in the investigation of the amount of loss and the identification of victims. Defendant understands full restitution will be ordered regardless of defendant's financial resources. Any restitution obligation should be paid to the Clerk of Court for eventual disbursement. Complete restitution shall be due and payable at or before the time of sentencing. Defendant agrees to cooperate in efforts to collect the restitution obligation, by any means the United States deems appropriate. Defendant understands imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action. Defendant agrees any restitution imposed will be non-dischargeable in any bankruptcy proceeding and defendant will not seek a discharge or a finding of dischargeability as to the restitution obligation.

18. **TK**    Defendant agrees to fully complete the enclosed Authorization to Release Credit Information pursuant to 15 U.S.C. § 1681b(a)(2). Further, upon

Christopher Nathan
August 25, 2016
*United States v. Tyler Konigsmark*
Page 8

request, defendant agrees to provide the U.S. Attorney's Office with any supporting information or documentation in defendant's possession or control regarding the information contained in the consumer credit report. In addition, defendant agrees to take any additional action requested by the United States to obtain financial information about defendant in the hands of third parties. This request includes, but is not limited to, mortgages, financial statements, loan applications or requests for extension of credit, financing statements, security agreements, subordinations, promissory notes, account information, tax returns, W2s, child support obligations, and any other document that may be held by a third party containing financial information about defendant. Defendant agrees to provide this information whenever requested until such time any judgment or claim against defendant, including principal, interest, and penalties, is satisfied in full. This information will be used to evaluate defendant's capacity to pay any claim or judgment against defendant as well as satisfy any forfeiture obligations. Defendant further understands and agrees the United States can and will release such information to the United States Probation Office for the Northern District of Iowa.

19. *TK* Defendant agrees to fully and truthfully complete the enclosed financial statement form. Further, upon request, defendant agrees to provide the U.S. Attorney's Office with any information or documentation in defendant's possession or control regarding defendant's financial affairs and agrees to submit to a debtor's examination when requested. Defendant agrees to provide this information whenever requested until such time any judgment or claim against defendant, including principal and interest, is satisfied in full. This information will be used to evaluate defendant's capacity to pay any claim or judgment against defendant.

## FORFEITURE

20. *TK* Defendant agrees to forfeit and abandon any and all claim to items seized by law enforcement from defendant at the time of any arrest or search, including defendant's arrest and property seized on May 12, 2016. Defendant also waives any right to additional notice of the forfeiture and abandonment of such property. Defendant stipulates this plea agreement constitutes notice under Local Criminal Rule 57.3(c) regarding the disposal of any exhibits or evidence related to this matter. Defendant understands that, from this date forward, any local, state, or federal law enforcement agency may take custody of and use, dispose of, and transfer these items in any way the agency deems appropriate.

21. *TK* By this agreement defendant not only agrees to forfeit all interests in the property referred to in the above paragraphs, but agrees to take whatever steps are necessary to convey any and all of defendant's right, title, and

interest in such property to the United States. These steps include, but are not limited to, the surrender of title, the signing of a quit claim deed, the signing of a consent decree, the signing of abandonment papers, the signing of a stipulation of facts regarding the transfer and basis for the forfeiture, and the signing any other documents necessary to effectuate such transfers. Defendant further agrees to fully assist the government in the recovery and return to the United States of any assets or portions thereof as described above wherever located. Defendant further agrees to make a full and complete disclosure of all assets over which defendant exercises control and those held or controlled by a nominee. Defendant further agrees to be polygraphed on the issue of assets if it is deemed necessary by the United States before defendant's sentencing.

22. *TK* Defendant agrees not to waste, sell, dispose of, or otherwise diminish the value of any items or property referred to in the above paragraphs or allow others to do so. Defendant further agrees not to contest any forfeiture action or proceeding brought on behalf of any government agency involved in this investigation that seeks to forfeit property described in the above paragraphs.

23. *TK* Defendant agrees and understands that, should defendant fail to truthfully account for **all** of defendant's holdings, proceeds, assets, or income, whether derived from a legal source or not, for the period charged, defendant shall be deemed to have materially breached this agreement. The decision as to whether defendant has been complete, forthright, and truthful in this regard shall be in the sole discretion of the United States Attorney's Office, taking into consideration the totality of the circumstances and the totality of the evidence developed in the course of the investigation.

## GENERAL MATTERS

24. *TK* Defendant shall not violate any local, state, or federal law during the pendency of this agreement. Any law violation, with the exception of speeding or parking violations, committed by defendant will constitute a breach of this agreement and may result in the revocation of the entire agreement or any of its terms. Defendant or defendant's attorney shall notify this office within 48 hours if defendant is questioned, charged, or arrested for any law violation.

25. *TK* If defendant violates **any** term or condition of this plea agreement, in **any** respect, the entire agreement will be deemed to have been breached and may be rendered null and void by the United States. Defendant understands, however, the government may elect to proceed with the guilty plea and sentencing. These decisions shall be in the sole discretion of the United States. If defendant does breach this agreement, defendant faces the following

consequences: (1) all testimony and other information defendant has provided at any time (including any stipulations in this agreement) to attorneys, employees, or law enforcement officers of the government, to the Court, or to the federal grand jury may and will be used against defendant in any prosecution or proceeding; (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against defendant and to use any information obtained directly or indirectly from defendant in those additional prosecutions; and (3) the United States will be released from any obligations, agreements, or restrictions imposed upon it under this plea agreement.

26. *TK* Defendant waives all claims defendant may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment to the Constitution. Defendant also agrees any delay between the signing of this agreement and the final disposition of this case constitutes excludable time under 18 U.S.C. § 3161 *et seq.* (the Speedy Trial Act) and related provisions.

27. *TK* Any dismissal of counts or agreement to forego filing charges is conditional upon final resolution of this matter. If this agreement is revoked or defendant's conviction is ultimately overturned, the United States retains the right to reinstate previously dismissed counts and to file charges that were not filed because of this agreement. Dismissed counts may be reinstated and uncharged offenses may be filed if: (1) the plea agreement is revoked, or (2) defendant successfully challenges defendant's conviction through a final order in any appeal, cross-appeal, habeas corpus action, or other post-conviction relief matter. A final order is an order not subject to further review or an order that no party challenges. The United States may reinstate any dismissed counts or file any uncharged offenses within 90 days of the filing date of the final order. Defendant waives all constitutional and statutory speedy trial rights defendant may have. Defendant also waives all statute of limitations or other objections or defenses defendant may have related to the timing or timeliness of the filing or prosecution of charges referred to in this paragraph.

## ACKNOWLEDGMENT OF DEFENDANT'S UNDERSTANDING

28. *TK* Defendant acknowledges defendant has read each of the provisions of this entire plea agreement with the assistance of counsel and understands its provisions. Defendant has discussed the case and defendant's constitutional and other rights with defendant's attorney. Defendant understands that, by entering a plea of guilty, defendant will be giving up the right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in defendant's defense; to remain silent and refuse to

be a witness by asserting defendant's privilege against self-incrimination; and to be presumed innocent until proven guilty beyond a reasonable doubt. Defendant agrees defendant's attorney has represented defendant in a competent manner and has no complaints about that lawyer's representation. Defendant states defendant is not now on or under the influence of, any drug, medication, liquor, or other substance, whether prescribed by a physician or not, that would impair defendant's ability to fully understand the terms and conditions of this plea agreement.

29. *TK* Defendant acknowledges that a prior plea offer, dated August 23, 2016, has been rejected. Defendant agrees defendant was notified of the plea offer and defendant had a full and complete opportunity to discuss this offer with defense counsel prior to rejecting it.

30. *TK* Defendant acknowledges defendant is entering into this plea agreement and is pleading guilty freely and voluntarily because defendant is guilty and for no other reason. Defendant further acknowledges defendant is entering into this agreement without reliance upon any discussions between the government and defendant (other than those specifically described in this plea agreement), without promise of benefit of any kind (other than any matters contained in this plea agreement), and without threats, force, intimidation, or coercion of any kind. Defendant further acknowledges defendant's understanding of the nature of each offense to which defendant is pleading guilty, including the penalties provided by law.

31. *TK* Defendant further understands defendant will be adjudicated guilty of each offense to which defendant will plead guilty and will thereby be deprived of certain rights, including, but not limited to, the right to vote, to hold public office, to serve on a jury, and to possess firearms and ammunition. Defendant understands the government reserves the right to notify any state or federal agency by whom defendant is licensed, or with whom defendant does business, of the fact of defendant's conviction.

32. *TK* Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, defendant must register and keep the registration current in each of the following jurisdictions: where defendant resides; where defendant is an employee; and where defendant is a student. Defendant understands the requirements for registration include providing defendant's name, defendant's residence address, and the names and addresses of any places where defendant is or will be an employee or a student, among other information. Defendant further understands the requirement to keep the registration current includes informing at least one jurisdiction in which defendant resides, is an employee, or is a student not later than three business days

Christopher Nathan
August 25, 2016
*United States v. Tyler Konigsmark*
Page 12

after any change of defendant's name, residence, employment, or student status. Defendant has been advised, and understands, that failure to comply with these obligations subjects defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine, imprisonment, or both.

## **VERIFICATION**

33. _TK_ This letter constitutes the entire agreement between the parties. No other promises of any kind, express or implied, have been made to defendant by the United States or its agents. No additional agreement may be entered into unless in writing and signed by all parties. The agreement will not be deemed to be valid unless and until all signatures appear where indicated below.

If this agreement is acceptable, please have your client indicate acceptance by placing initials on the line preceding each of the above paragraphs and by signing below where indicated. By initialing each paragraph and signing below, defendant acknowledges defendant has read, fully understands, and agrees to each paragraph of this agreement. Please return all enclosures, completed and signed, with this signed letter to the U.S. Attorney's Office.

Please complete the enclosed Consent to Proceed Before the Magistrate Judge. This document is needed to allow the Magistrate Judge to receive defendant's guilty plea. After the signed Consent form and plea agreement are received, the government will ask the Court to schedule the guilty plea hearing.

Finally, please remember to pay the special assessment as agreed above.

Thank you for your cooperation.

                                         Sincerely,

                                         KEVIN W. TECHAU
                                         United States Attorney

                                         By: _/s/ Mark Tremmel_

                                         MARK TREMMEL
                                         Assistant United States Attorney

Christopher Nathan
August 25, 2016
*United States v. Tyler Konigsmark*
Page 13

**ENCLOSURES:**
Financial Statement Form
Special Assessment Payment Coupon
Authorization to Release Credit Information
Abandonment Declaration
Consent to Proceed Before Magistrate Judge

The undersigned defendant, with advice of counsel, accepts the terms of this plea agreement. The undersigned Assistant United States Attorney accepts the terms of the executed plea agreement.

_____ 8-26-16      _____ 8-27-16
TYLER KONIGSMARK          Date           MARK TREMMEL              Date
Defendant                                 Assistant United States Attorney

_____ 8/26/16
CHRISTOPHER NATHAN        Date
Attorney for Defendant