RAPE;



April 14, 2003                                             2003-R-0376

## STATUTORY RAPE LAWS BY STATE

By: Sandra Norman-Eady, Chief Attorney

Christopher Reinhart, Associate Attorney

Peter Martino, Research Fellow

You asked for a comparison of statutory rape statutes by state.

## SUMMARY

Most states do not refer specifically to statutory rape; instead they use designations such as sexual assault and sexual abuse to identify prohibited activity. Regardless of the designation, these crimes are based on the premise that until a person reaches a certain age, he is legally incapable of consenting to sexual intercourse. Thus, instead of including force as a criminal element, theses crimes make it illegal for anyone to engage in sexual intercourse with anyone below a certain age, other than his spouse. The age of consent varies by state, with most states, including Connecticut, setting it at age 16. The age of consent in other states ranges from ages 14 to 18.

Some states base the penalty for violations on the age of the offender, with older offenders receiving harsher penalties. For example, California, Maryland, Missouri, Nevada, and New York reserve their harshest statutory rape penalty for offenders who are age 21 or older.

Table 1 shows statutory rape laws, including penalties, by state.

### Table 1: Statutory Rape Laws by State

| States | Statutory Rape | Penalties |
| --- | --- | --- |

DEFENDANT'S EXHIBIT

CASE NO. 16-CR-57

EXHIBIT NO. A

| Alabama

§ 13A-6-61

§ 13A-6-62 | First-degree rape for someone age 16 or older to have sexual intercourse with someone under age 12.

Second-degree rape for someone age 16 or older to have sexual intercourse with someone between age 12 and 16, when the actor is at least two years older. | Life in prison or between 10 and 99 years

Two to 20 years in prison |
|---|---|---|
| Alaska

§ 11. 41. 434

§ 11. 41. 436

§ 11. 41. 440 | First-degree sexual abuse of a minor for someone age 16 or older to engage in sexual penetration with someone under age 13.

Second-degree sexual abuse of a minor for someone age 16 or older to engage in sexual penetration with someone who is age 13, 14, or 15 and at least three years younger than the offender.

Fourth-degree sexual abuse of a minor for someone under age 16 to engage in sexual penetration with someone under age 13 and at least three years younger. | Up to 30 years in prison

Up to 10 years in prison

Up to one year in prison |
| Arizona

§ 13-1405 | Sexual conduct with a minor to engage in sexual intercourse with someone under age 18. | (1) If the minor is under age 15, five years in prison; (2) if the offender is at least age 18 or is tried as an adult and the minor was age 12 or younger, life in prison and the offender is ineligible for release until serving 35 years; (3) if the offender is at least 18 or tried as an |

| | | |
|---|---|---|
| | | adult and the victim is age 12, 13, or 14, the presumptive sentence is 20 years; or (4) if the minor is at least age 15, it is punishable by one year in prison |
| Arkansas<br><br>§ 5-14-103<br><br>§ 5-14-127 | Rape is engaging in sexual intercourse with someone under age 14 who is at least three years younger.<br><br>Fourth-degree sexual assault if someone age 20 or older engages in sexual intercourse with someone under age 16. | 10 to 40 years or life in prison<br><br>Up to one year in prison |
| California<br><br>§ 261. 5(b)-(d) | Anyone who engages in an act of unlawful sexual intercourse with a person under age 18 and the actor is not more than three years older or three years younger, is guilty of a misdemeanor<br><br>Anyone who engages in an act of unlawful sexual intercourse with a person under age 18 who is more than three years younger than the actor is guilty of either a misdemeanor or a felony<br><br>Any person 21 years of age or older who engages in an act of unlawful sexual intercourse with a minor who is under 16 years of age is guilty of either a misdemeanor or a felony | Up to one year in county jail<br><br>Up to one year in county jail or by imprisonment in the state prison (period unspecified)<br><br>Up to one year in a county jail or by imprisonment in the state prison for two, three, or four years |
| Colorado<br><br>§18-3-402 | Sexual assault to knowingly inflicts sexual intrusion or sexual penetration on a victim (1) under age 15 if the actor is at least four years older or (2) at | The former is punishable by two to six years' in prison and the latter by one to two years in prison |

| | | |
|---|---|---|
| | least 15 years old but less than 17 years old and the actor is at least 10 years older. | |
| Connecticut<br><br>§ 53a-70 (a)(2)<br><br>§ 53a-71 (a)(1) | First-degree sexual assault to have sexual intercourse with a person under age 13 if the actor is more than two years older<br><br>Second-degree sexual assault to have sexual intercourse with a person between ages 13 and 16 if the actor is more than two years older | 10 to 25 years in prison with a mandatory minimum of five years if the victim is between age 10 and 16 and 10 years if the victim is under age 10. The combined sentence and special parole must equal at least 10 years<br><br>Up to 20 years in prison (nine months mandatory minimum) |
| Delaware<br><br>§ 770<br><br>§ 771<br><br>§772<br><br>§ 773 | Fourth-degree rape to have sexual intercourse with (1) someone under age 16 or (2) someone under age 18 and the actor is at least 30 years older.<br><br>Third-degree rape to have sexual intercourse with a (1) victim under age 16 if the actor is at least 10 years older or (2) victim under age 14 if the actor is age 19 or older.<br><br>Second-degree rape to sexually penetrate a person under age 12 if the actor is 18 or older.<br><br>First-degree rape to have sexual intercourse with a person under age 12 if the actor is age 18 or older. | Up to 10 years<br><br>Two to 20 years in prison<br><br>Two to 20 years in prison with a 10 year minimum<br><br>15 years to life in prison |
| Florida<br><br>§ 794. 05 | Unlawful sexual activity with certain minors if someone age 24 or older engages in sexual activity with someone age 16 or 17. | Up to 15 years in prison |

| State | Offense | Penalty |
|---|---|---|
| Georgia<br><br>§ 16-6-3 | Statutory rape to have sexual intercourse with someone under age 16. | One to 20 years in prison, but (1) 10 to 20 years if the offender is age 21 or older and (2) up to one year in prison if the victim is age 14 or 15 and the offender is no more than three years older. |
| Hawaii<br><br>§ 707-730 | First-degree sexual assault to knowingly engage in sexual penetration (1) with someone under age 14 or (2) with someone between age 14 and 16 when the offender is more than five years older. | An indeterminate term of 20 years in prison |
| Idaho<br><br>§ 18-6101 | Rape of a female under age 18. | One year to life in prison |
| Illinois<br><br>§ 730 ILCS 5/12-12 et seq. | Aggravated sexual assault for sexual penetration by an offender under age 17 with a victim under age 9.<br><br>Predatory criminal sexual assault of a child for sexual penetration by an offender age 17 or older and a victim under 13.<br><br>Criminal sexual abuse is sexual penetration with (1) an offender under age 17 and a victim between ages 9 and 17 or (2) a victim between ages 13 and 17 and an offender less than five years older.<br><br>Aggravated criminal sexual abuse is sexual penetration with a victim between age 13 | Six to 30 years in prison<br><br>Six to 30 years in prison<br><br>Up to one year in prison<br><br>Three to seven years in prison |

| | | |
|---|---|---|
| | and 17 by an offender at least five years older. | |
| Indiana<br><br>§ 35-42-4-3<br><br>§ 35-52-4-9 | Child molesting is sexual intercourse with a child under age 14.<br><br>Sexual misconduct with a minor if a person at least age 18 engages in sexual intercourse with a child between ages 14 and 16. | (1) Fixed term of 10 years with up to 10 years added or four subtracted for aggravating and mitigating circumstances or (2) if the offender actor is at least age 21, a fixed term of 30 years, with up to 20 years added or 10 subtracted.<br><br>(1) Fixed term of four years with up to four added or two subtracted or (2) if the actor is at least age 21, a fixed term of 10 years with up to 10 years added or four subtracted. |
| Iowa<br><br>§ 709. 4 | Third-degree sexual abuse to perform a sex act on another person, not his spouse, who is (1) age 12 or 13 or (2) age 14 or 15 if the actor is five or more years older. | Up to 10 years in prison |
| Kansas<br><br>§ 21-3504<br><br>§ 21-3522 | Aggravated indecent liberties with a child is sexual intercourse with a child between age 14 and 16.<br><br>Unlawful voluntary sexual relations is sexual intercourse with a child age 14 to 16 when the offender is under age 19 and less than four year older. | These crimes are felonies subject to sentencing guidelines |
| Kentucky | | 20 to 50 years in prison |

| § 510. 020 et seq. | First-degree rape is sexual intercourse with someone under age 12. | Five to 10 years in prison |
| | Second-degree rape is someone age 18 or older engaging in sexual intercourse with someone under 14. | One to five years in prison |
| | Third-degree rape is someone age 21 or older engaging in sexual intercourse with someone under 16. | |
| Louisiana<br><br>§ 14-80<br><br>§ 14. 80. 1 | Felony carnal knowledge of a juvenile is sexual intercourse with consent between (1) someone age 19 or older and someone between age 12 and 17 or (2) someone age 17 or older and someone between age 12 and 15.<br><br>Misdemeanor carnal knowledge of a juvenile is sexual intercourse with consent between someone age 17 to 19 and someone age 15 to 17 when the difference in their ages is greater than two years. | Up to 10 years in prison (with or without hard labor)<br><br>Up to six months in prison |
| Maine<br><br>17-A § 253 (1)(B)<br><br>17-A § 254 (1)(A) | Gross sexual assault to have sexual intercourse with a person under age 14<br><br>Sexual abuse of a minor for anyone to have sexual intercourse with someone, other than his spouse, who is either age 14 or 15 and the actor is at least five years older. | Up to 40 years in prison<br><br>Up to one year in prison. Up to five years in prison if the actor is at least 10 years older than the victim. |
| Maryland<br><br>§ 3-306 | Second-degree sexual offense to engage in a sexual act with a person under age 14 and the actor is at least four years older | Up to 20 years in prison<br><br>Up to 10 years in prison |

| § 3-307 | Third-degree sexual offense for someone at least age 21 to engage in a sexual act, including vaginal intercourse, with someone age 14 or 15 | Up to 20 years in prison |
| § 3-304 | Second-degree rape to have vaginal intercourse with a person under age 14 if the actor is at least four years older | |
| Massachusetts 272 § 4 | Criminal inducement to get a person under age 18 of chaste life to have unlawful sexual intercourse | Up to three years in prison or up to two and one-half years in jail |
| Michigan § 750. 520b et seq. | First-degree criminal sexual conduct is sexual penetration with someone under age 13. Third-degree criminal sexual conduct is sexual penetration with someone between age 13 and 16. | Up to life in prison Up to 15 years in prison |
| Minnesota § 609. 342 et seq. | First-degree criminal sexual conduct is sexual penetration with a victim under age 13 and an actor more than 36 months older. Third-degree criminal sexual conduct is sexual penetration with (1) a victim under age 13 and an actor no more than 36 months older or (2) a victim age 13 to 16 and an actor more than 24 months older. | Up to 30 years in prison Up to 15 years in prison. But under the second part of the crime, if the actor is between 24 and 48 months older, up to five years in prison |
| Mississippi § 97-3-95 | Sexual battery to sexually penetrate a child (1) at least age 14 but under age 16 if the actor is at least 36 months older than the child or (2) under age 14 if | Up to 30 years in prison but (1) under the first part of the crime, if the actor is between age 18 and 21, up to five years and (2) under the second |

| | | |
|---|---|---|
| | the actor is at least 24 months older than the child. | part of the crime, if the actor is 18 or older, then life or a term over 20 years |
| Missouri<br><br>§ 566. 032 (1)<br><br>§ 566. 034 (1) | First-degree statutory rape to have sexual intercourse with another person who is less than fourteen years old<br><br>Second-degree statutory rape for someone at least age 21 to have sexual intercourse with someone who is less than age 17 | Five years to life in prison<br><br>Up to seven years in prison |
| Montana<br><br>§ 45-5-501 et seq. | Sexual intercourse with someone under age 16. | Life imprisonment or between two and 100 years. If the victim if under age 16 and the offender is at least three years older, life imprisonment or four to 100 years. |
| Nebraska<br><br>§ 28-319 | First-degree sexual assault for a person age 19 or older to sexually penetrate a person under age 16 | One to 50 years in prison |
| Nevada<br><br>§§ 200. 364 | Statutory sexual seduction for anyone age 18 or older to engage in sexual intercourse with a person under age 16 | One to five years in prison if the actor is 21 years of age or older. Up to one year in prison if he is under age 21 |
| New Hampshire<br><br>§ 632-A: 3 | Felonious sexual assault for anyone to engage in sexual penetration with a person, other than his spouse, who is under age 16 | Up to seven years in prison |

| New Jersey §2C: 14-2 | Aggravated sexual assault is sexual penetration with a victim under age 13.<br><br>Sexual assault is sexual penetration with a victim between age 13 and 16 when the actor is at least four years older. | 10 to 20 years in prison<br><br>Five to 10 years in prison |
|---|---|---|
| New Mexico §30-9-11 | First-degree criminal sexual penetration to engage in sexual intercourse with a child less than age 13<br><br>Fourth-degree sexual penetration to engage in sexual intercourse with a child age 13 to 16 if the actor is at least age 18 and at least four years older than the child | Basic sentence of 18 years in prison<br><br>Basic sentence of 18 months in prison |
| New York §§130. 25, 130. 30, and 130. 35 | Third-degree rape for anyone age 21 or older to have sexual intercourse with someone under age 17<br><br>Second-degree rape for anyone age 18 or older to engage in sexual intercourse with someone under age 15. The fact that the offender was less than four years older than the victim at the time of the act is an affirmative defense.<br><br>First-degree rape to have sexual intercourse with someone (1) less than age 11 or (2) less than age 13 if the actor is age 18 or older | Up to four years in prison<br><br>Up to seven years in prison<br><br>Five to 25 years in prison |
| North Carolina §14-27. 2 et seq. | First-degree rape is sexual intercourse with a victim under age 13 when the actor is at | These crimes are felonies subject to the structured sentencing law with minimums and |

| | | |
|---|---|---|
| | least age 12 and at least four years older.<br><br>Statutory rape or sexual offense of person age 13, 14, or 15 is intercourse with someone age 13, 14, or 15 when the actor is (1) at least six years older and (2) between four and six years older. | maximums depending on aggravating and mitigating factors and the offender's prior record |
| North Dakota<br><br>§ 12. 1-20-03 | Gross sexual imposition is committing a sexual act with a victim under age 15.<br><br>Corruption of minor is an adult engaging in sexual act with a minor | Up to 10 years in prison<br><br>(1) Up to one year in prison if the victim is at least age 15 or (2) if actor is at least age 22 and the victim is a minor at least age 15, up to five years in prison. |
| Ohio<br><br>§ 2907. 04 | Sexual assault for a person age 18 to engage in sexual conduct with a minor if the actor knows that the minor is between ages 13 and 16 | (1) Six to 18 months in prison, (2) if the actor is less that four years older than the victim, a $ 1,000 fine, or (3) if the actor is 10 or more years older than the victim, one to five years in prison. |
| Oklahoma<br><br>§ 21-1114 | First-degree rape for a person over age 18 to have sexual intercourse with a person under age 14<br><br>In all other cases rape is second-degree rape | Five years in prison to death<br><br>One to 15 years in prison |
| Oregon<br><br>§ 163. 355<br><br>§ 163. 365 | Third-degree rape to have sexual intercourse with a person under age 16. Defense that the actor was less than | Up to five years in prison<br><br>Up to 10 years in prison |

| § 163. 375 | three years older than the victim at the time of the offense | Up to 20 years in prison |
|---|---|---|
| | Second-degree rape to have sexual intercourse with a person under age 14. Defense that the actor was less than three years older than the victim at the time of the offense | |
| | First-degree rape to have sexual intercourse with a person under age 12 | |
| Pennsylvania 18 § 3121 | Rape to engage in sexual intercourse with a complainant who is less than 13 years of age. | Up to 20 years in prison |
| | Rape to engage in deviate sexual intercourse with a complainant who is less than (1) 13 years of age or (2) 16 years of age and the actor is four or more years older. | |
| Rhode Island § 11-37-6 | Third-degree sexual assault for anyone over age 18 to engage in sexual penetration with someone over age 14 and under age 16 | Up to five years in prison |
| South Carolina § 16-3-655 | First-degree criminal sexual conduct with a minor to have sexual intercourse with a person under age 11. | Up to 30 years in prison Up to 20 years in prison |
| | Second-degree criminal sexual conduct with a minor to have sexual intercourse with a person between ages 11 and 14. | |
| South Dakota § 22-22-1 | Rape to sexually penetrate a person under age 10. | 10 years in prison 15 years in prison |

| | Rape to sexually penetrate a person between ages 10 and 16 if the actor is at least three years older than the victim. | |
|---|---|---|
| Tennessee<br><br>§ 39-13-506 | Statutory rape to sexually penetrate a person at least age 13 but less than age 18 if the actor is at least four years older than the victim. Any actor under age 18 must be tried as a juvenile and cannot be transferred to adult court. | Two to six years in prison |
| Texas<br><br>§ 22. 011 | Sexual assault for anyone to intentionally or knowingly penetrate a person under age 17, other than his spouse. The actor has an affirmative defense if he is not more than three years older than the victim, who is at least age 14 | Two to 20 years in prison |
| Utah<br><br>§ 76-5-401<br><br>§ 76-5-401. 2 | Unlawful sexual activity with a minor to have sexual intercourse with someone age 14 or 15<br><br>Unlawful sexual activity with a minor to have sexual intercourse with someone age 16 or 17 if the actor is 10 or more years older than the victim | Up to five years in prison, unless the actor is less than four years older than the victim<br><br>Up to five years in prison |
| Vermont<br><br>13 § 3252<br><br>13 § 3253 | Sexual assault to engage in a sexual act with a person under age 16, except where the actors are married and the act is consensual<br><br>Aggravated sexual assault for anyone age 18 or older to | Up to 20 years in prison<br><br>Up to life in prison |

| | | |
|---|---|---|
| | engage in a sexual act with someone under age 10 | |
| Virginia<br><br>§ 18. 2-61<br><br>§ 18. 2-63<br><br>§ 18. 2-63<br><br>§18. 2-63 | Sexual intercourse with a child under the age of thirteen<br><br>Carnal knowledge of a child between ages 13 and 15<br><br>Carnal knowledge of a child between ages 13 and 15 when the actor is a minor and the victim is three or more years younger<br><br>Carnal knowledge of a child between ages 13 and 15 when the actor is a minor and the victim is less than three years younger | Five years to life in prison<br><br>Two to 10 years in prison<br><br>One to five years in prison<br><br>Maximum fine of $ 250 |
| Washington<br><br>§ 9A. 44. 073<br><br>§ 9A. 44. 076<br><br>§ 9A. 44. 079 | First-degree rape of a child to have sexual intercourse with a person less than age 12 years and the actor is at least 24 months older<br><br>Second-degree rape of a child to have sexual intercourse with a person who is at least 12 but less than 14 years old if the actor is at least 36 months older than the victim<br><br>Third-degree rape of a child to have sexual intercourse with a person age 14 or 15 if the actor is at least 48 months older than the victim | Five years to life in prison<br><br>Five years to life in prison<br><br>Up to five years in prison |
| West Virginia<br><br>§ 61-8B-3<br><br>§ 61-8B-5 | First-degree sexual assault for a person age 14 or older to have sexual intercourse with a person age 11 or younger | 15 to 35 years in prison<br><br>One to five years in prison |

| | | |
|---|---|---|
| | Third-degree sexual assault for a person age 16 or older to have sexual intercourse with a person under age 16 and at least four years younger than the actor | |
| Wisconsin<br><br>§ 948. 02<br><br>§ 948. 09 | Sexual intercourse with a person under 13 years of age<br><br>Sexual intercourse with a person under 16 years of age<br><br>Sexual intercourse with a minor at least age of 16 | Up to 40 years in prison<br><br>Up to 25 years in prison<br><br>Up to nine months in prison |
| Wyoming<br><br>§ 6-2-303<br><br>§ 6-2-304 | Second-degree sexual assault to inflict sexual intrusion upon a person under age 12 and the actor is at least four years older than the victim.<br><br>Third-degree sexual assault if, under circumstances not constituting first- or second-degree sexual assault, the actor is at least four years older than the victim and inflicts sexual intrusion on a victim under age 16. | Up to 20 years in prison<br><br>Up to 15 years in prison |

SN-E/CR/PM: ro

# Appendix B – Summary of Time Served Prior to Parole, Work Release, or Special Sentence

| FY2015 TIME SERVED PRIOR TO PAROLE/WORK RELEASE/SPECIAL SENTENCE | | | | | |
|---|---|---|---|---|---|
| Offense Class/Type | Offense Subtype | N Released | Length of Stay in Months: | | |
| | | | Average | Minimum | Maximum |
| **CLASS A FELONIES** | | | | | |
| Violent | Murder/Manslaughter | 1 | 471.0 | 471.0 | 471.0 |
| **CLASS B FELONIES** | | | | | |
| Drug | Trafficking | 61 | 33.3 | 11.2 | 127.1 |
| Other | Other Criminal | 14 | 24.9 | 4.0 | 81.7 |
| Property | Arson | 2 | 87.0 | 76.3 | 97.6 |
| Violent | Assault | 1 | 166.9 | 166.9 | 166.9 |
| Violent | Kidnap | 3 | 164.1 | 69.5 | 211.7 |
| Violent | Murder/Manslaughter | 14 | 146.8 | 37.3 | 309.8 |
| Violent | Other Violent | 20 | 89.4 | 32.7 | 209.7 |
| Violent | Robbery | 12 | 198.2 | 147.8 | 220.2 |
| Violent | Sex | 2 | 63.1 | 50.2 | 75.9 |
| **CLASS C FELONIES** | | | | | |
| Drug | Drug Possession | 3 | 10.7 | 5.8 | 14.5 |
| Drug | Other Drug | 5 | 11.5 | 5.3 | 18.5 |
| Drug | Trafficking | 330 | 15.8 | 1.9 | 56.1 |
| Other | Other Criminal | 4 | 16.4 | 4.0 | 31.5 |
| Other | Other Violent | 5 | 22.9 | 11.2 | 27.2 |
| Property | Arson | 14 | 23.9 | 9.1 | 45.2 |
| Property | Burglary | 108 | 23.4 | 7.7 | 61.5 |
| Property | Forgery/Fraud | 3 | 11.3 | 3.9 | 17.3 |
| Property | Stolen Property | 1 | 12.1 | 12.1 | 12.1 |
| Property | Theft | 85 | 19.8 | 1.6 | 68.9 |
| Property | Vandalism | 6 | 18.0 | 12.5 | 34.5 |
| Public Order | Other Public Order | 2 | 11.3 | 11.2 | 11.3 |
| Public Order | Weapons | 1 | 26.3 | 26.3 | 26.3 |
| Violent | Assault | 53 | 40.3 | 9.4 | 161.2 |
| Violent | Kidnap | 2 | 59.0 | 40.8 | 77.4 |
| Violent | Murder/Manslaughter | 11 | 69.0 | 22.3 | 177.6 |
| Violent | Other Violent | 21 | 22.2 | 6.9 | 47.8 |
| Violent | Robbery | 40 | 83.7 | 42.9 | 165.1 |
| Violent | Sex | 95 | 60.1 | 11.6 | 186.5 |
| **CLASS D FELONIES** | | | | | |
| Drug | Drug Possession | 104 | 9.1 | 1.3 | 35.6 |

DEFENDANT'S EXHIBIT

CASE NO. 16-CR-57

EXHIBIT NO. B

| Offense Class/Type | Offense Subtype | N Released | Length of Stay in Months: | | |
|---|---|---|---|---|---|
| | | | Average | Minimum | Maximum |
| **TIME SERVED TABLE (CONTINUED)** | | | | | |
| **CLASS D FELONIES (CONTINUED)** | | | | | |
| Drug | Other Drug | 23 | 10.6 | 3.9 | 31.8 |
| Drug | Trafficking | 140 | 9.7 | 1.4 | 34.0 |
| Other | Other Criminal | 6 | 11.2 | 7.1 | 13.6 |
| Other | Other Violent | 3 | 10.2 | 5.9 | 17.2 |
| Property | Arson | 1 | 33.1 | 33.1 | 33.1 |
| Property | Burglary | 194 | 13.3 | 2.9 | 43.1 |
| Property | Forgery/Fraud | 122 | 9.6 | 1.1 | 58.5 |
| Property | Theft | 142 | 9.9 | 1.6 | 44.8 |
| Property | Vandalism | 19 | 10.9 | 5.9 | 20.4 |
| Public Order | Flight/Escape | 5 | 11.6 | 9.8 | 13.1 |
| Public Order | Other Public Order | 45 | 11.7 | 2.2 | 33.6 |
| Public Order | OWI | 60 | 10.1 | 2.1 | 27.9 |
| Public Order | Prostitution/Pimping | 2 | 15.6 | 6.1 | 25.0 |
| Public Order | Traffic | 13 | 9.5 | 3.6 | 17.5 |
| Public Order | Weapons | 45 | 11.9 | 3.9 | 26.8 |
| Violent | Assault | 148 | 14.4 | 3.7 | 4.0 |
| Violent | Kidnap | 2 | 8.9 | 8.0 | 9.8 |
| Violent | Murder/Manslaughter | 12 | 14.1 | 4.1 | 25.5 |
| Violent | Other Violent | 6 | 11.0 | 6.4 | 15.0 |
| Violent | Sex | 33 | 26.3 | 14.1 | 95.8 |
| **FELONIES - ENHANCED PENALTIES** | | | | | |
| Drug | Trafficking | 85 | 38.8 | 2.5 | 169.7 |
| Other* | Other Criminal | 89 | 31.0 | 5.7 | 124.0 |
| **AGGRAVATED MISDEMEANORS** | | | | | |
| Drug | Drug Possession | 36 | 5.8 | 7.0 | 7.0 |
| Other | Animals | 1 | 7.3 | 7.3 | 7.3 |
| Other | Other Criminal | 1 | 4.6 | 4.6 | 4.6 |
| Property | Arson | 2 | 4.3 | 3.7 | 4.8 |
| Property | Burglary | 21 | 8.6 | 4.8 | 13.3 |
| Property | Forgery/Fraud | 17 | 7.2 | 1.7 | 19.1 |
| Property | Theft | 74 | 5.9 | 1.5 | 11.5 |
| Property | Vandalism | 5 | 7.0 | 4.1 | 8.5 |
| Public Order | Alcohol | 29 | 6.7 | 2.7 | 17.5 |
| Public Order | Flight/Escape | 1 | 9.4 | 9.4 | 9.4 |
| Public Order | Other Public Order | 2 | 5.0 | 4.4 | 5.5 |
| Public Order | OWI | 13 | 4.7 | 1.9 | 9.3 |
| Public Order | Traffic | 41 | 5.8 | 2.6 | 16.8 |

Case 1:16-cr-00057-CJW-MAR   Document 52-1   Filed 11/23/16   Page 18 of 34

**TIME SERVED TABLE (CONTINUED)**

| Offense Class/Type | Offense Subtype | N Released | Length of Stay in Months: | | |
|---|---|---|---|---|---|
| | | | Average | Minimum | Maximum |
| AGGRAVATED MISDEMEANORS (CONTINUED) | | | | | |
| Public Order | Weapons | 6 | 7.1 | 4.2 | 14.0 |
| Violent | Assault | 78 | 8.6 | 2.2 | 21.5 |
| Violent | Kidnap | 2 | 7.6 | 4.4 | 10.8 |
| Violent | Murder/Manslaughter | 1 | 3.7 | 3.7 | 3.7 |
| SERIOUS MISDEMEANORS | | | | | |
| Violent | Other Violent | 13 | 6.6 | 3.2 | 11.3 |
| Violent | Sex | 23 | 10.4 | 0.2 | 39.2 |
| Drug | Drug Possession | 1 | 7.0 | 7.0 | 7.0 |
| Public Order | OWI | 1 | 7.4 | 7.4 | 7.4 |
| Violent | Assault | 2 | 3.8 | 2.6 | 5.1 |
| Violent | Sex | 3 | 42.4 | 7.8 | 99.0 |
| SIMPLE MISDEMEANORS | | | | | |
| Public Order | Other Public Order | 1 | 9.0 | 9.0 | 9.0 |

*Time served shown is length of actual stay in prison prior to initial release to parole, work release or special sentence. Length of stay excludes jail credit and time served in work release facilities.*

*\*Felony Enhanced Penalties labeled "Other" are primarily Habitual Offender sentences under Iowa Code §902.8.*

Leon H Kroemer

November 2, 2016
ie: Tyler Konigsmark

Judge Bennett,

Greetings from Cedar Rapids, Iowa,

I am writing at this time in support of Tyler Konigsmark. Tyler is currently at Iowa County Jail
in Marengo. I met Tyler when he was at Linn County Jail.

I have been conducting Clergy visits with Tyler since his arrest. I did not know Tyler prior to
that. I recognized his name as having been a student that was in my wife's class. I contacted his
family and they gave me permission to visit and meet Tyler.

Having conducted several visits I find Tyler to be remorseful and apologetic about the decisions
that he made. But what I find to be very encouraging is that Tyler has been spending his time
reading the Holy Scriptures.

Tyler told me that he was very active in a Bible Study group with fellow teammates while in
Louisiana. He has a very clear understanding of right and wrong. What he has violated is the
boundaries that exist between people. He recognizes that and is working to change his behavior
to rebuild his character and prepare to enter a new phase of his life.

Tyler does have a very strong faith in his God and is actively working to maintain and build that
faith.

I find Tyler to be serious about changing the direction of his life and working to make that
happen.

Thank you for reading this.

Peace, Comfort & Easter Joy,

*Leon H Kroemer*
Leon H. Kroemer

DEFENDANT'S
EXHIBIT

CASE
NO. 16-CR-57

EXHIBIT
E

November 3, 2016

To whom it may concern,

Where do I even begin? I never thought I would be doing this, but God works in mysterious ways. I am writing on Tyler Konigsmark's behalf because I am a firm believer in second chances. Growing up, I was always told that mistakes do not define people. Although the circumstances are a little different, it is important to keep in mind that good people, like Tyler, do deserve second chances. For as long as I can remember, Tyler has always had my back - both on and off the field. They say you get to pick and choose your friends, but you do not get to pick and choose your family. And that is exactly what Tyler is to me, my family. These past couple of months have been extremely tough, but knowing the strength that Tyler possesses, keeps me moving. He is my best friend, and I truly do believe that he would never do anything to harm another person. He always puts others first and truly cares for the well-being of others. People are so quick to judge nowadays, but everybody has their stories. Nothing comes close to Tyler's. He has lived in disarray most of his life and has had to make due with what he was provided. I remember countless times him calling me so upset just looking for a place to stay. I was always willing to help, no questions. I was constantly there for him, just like I will continue to be throughout these unfortunate circumstances. Although I do not agree with his choices, he is still the greatest friend a person can have. He has talents other kids dream of, and one cannot rob him of his potential. Friends do not bail on friends, especially not in tough times like these. Hold on buddy and stay strong for me, because I am staying strong for you. Love you.

Your Brother,

Colton Knox

Cameron Frazier
7416 Sandhurst Dr. NW
Cedar Rapids, IA, 52405


Dear Tyler,


It's been a while my friend. This all seems too surreal. It's scary to think that we are all one decision away from having our lives changed forever. Every single one of us. Everyone makes mistakes, everyone falls off their path in life that they are destined to fulfill. The Tyler I know is not the person I see on the TV or the news. There is only a select few of us close friends that have truly experienced every high and every low in life together, and that truly know each other. You my friend are great. You've always had such a kind heart and ever since middle school you have been outgoing and a great friend to everyone you've met. The Tyler I know has always had my back and I've always had yours. We may have came from different walks of life, yet through the odds we stand next to each other as brothers. I am very proud to call you my friend. I have no doubt in my mind that the mistakes you have made do not define you or your character. Being as young as we are, it can be very difficult to see what our lives have in store for us. These mistakes can bring us back to reality very quickly. They can make us realize who we really are and who we really want to be. This is not you and I know it. It doesn't take long to learn these lessons in life, big or small. I know you have learned your lesson because you are young, you are intelligent, and you have people in this world who truly care about you. Stay well. Stay positive. Stay focused. Your life has a plan for you that is bigger and better than your current situation. Take care my friend. I miss you.


Your friend,


Cameron Frazier

November 1, 2016

To Whom it May Concern,

I am writing on Tyler Koingsmark's behalf. We have known Tyler since he was a freshman in high school. He has been good friends with our son and we have welcomed Tyler into our home since that time. We will continue to welcome and support Tyler. We believe in Tyler and we know he is a good kid. He hasn't always had the easiest childhood and from what we have been told, he has had to basically raise himself over the years. While he should have felt safe and loved at home, he lived in chaos and was kicked out of his home off and on due to circumstances I will never understand. We have supported Tyler and have always listened to him when he needed us. We have always been there for Tyler & will continue to be there for him during this unfortunate incident. We do not at all agree with his choices and we have told him that, but Tyler is a good kid and we believe in second chances. Tyler would benefit from counseling and we truly believe that he can & will make the changes he needs to in order to be a successful young man. He is very talented in sports but more importantly, he is a hard worker. He has had to be in order to survive. We believe in Tyler and we hope that he gets the help he needs.

Sincerely,

Jeni & Mark Knox

November 3rd, 2016

To whom it may concern,

I am writing on the behalf of Tyler Konigsmark. I have known Tyler since I was in middle school, which comes close to seven years. I have spent many years as his friend and will continue to do so no matter the circumstances. He has always been genuine towards me and treated me with the utmost respect. Not once did I ever see him disrespect someone. He is a tremendous friend, and constantly puts others before himself. Tyler is truly a great person and I believe he will achieve great things in life. I do not agree with what happened, but I truly do believe in second chances. Tyler would do anything in his power to eliminate this chapter in his life. He has not had it easy growing up, but has never complained. He was dealt an unfortunate hand in life, and that is something no child should ever have to go through. I can not imagine growing up the way he did. I know Tyler and I truly believe he is a tremendous person. Tyler would benefit from counseling and I truly believe he could turn his life around. I have and will continue to support Tyler in this difficult time.

Sincerely,

Shalyn Kinney

November 1, 2016

Dear Judge Bennett,

I'm writing in reference to Tyler Konigsmark, and to share my experiences and views of him.

I've known Tyler for several years now, through his mother, Crista. Tyler has always been well-mannered around our group of friends. He was generally the first to offer a hand if someone needed help with something, no matter what it was. While I was attending school full time, and working full time, I would run out of time to mow my lawn. Tyler would hear me mention it, and it would be taken care of without me ever having to ask for help. He was wonderful with the children of our group, aged 1-16 years. He'd play football, baseball, tag, or Nerf gun wars with the older kids, or even sit down and watch Disney movies with the younger ones.

Tyler and I also had discussions about his dream of being a firefighter. He loved to help people, and his ambitions of being an EMT/firefighter reflected that. We would talk about how dangerous it could potentially be, and he would say that if he could save a life, then any injury he may sustain would be worth it. For a young man of 17 years old (and up to the present) to say that shows me what kind of character he really has. He had a true desire to help people.

Tyler had a great athletic career in high school. His senior year was full of some great accomplishments, such as helping to lead the Jefferson baseball team to the number two spot in their conference ranks. His hard work and dedication led to a scholarship with Bossier Parish Community College in Louisiana. Tyler did leave Bossier Parish when he learned that his mother was in discussion with doctors to have possible brain surgery, and he came back home to help his mother and siblings. Crista was not able to drive, and Tyler was there to help with shuttling her to work and his siblings to school. With just one semester off, Tyler was set to have a scholarship with the Iowa Western baseball team. His athletic future was in his hands, and he was so excited to meet his new team and get on the field again.

In fact, with baseball as one of his big loves, I had reached out to him for help with my son, Z    . Tyler would play catch with Zach, or pitch to him so Z    could work on his catching skills. He would help Z    develop his pitching stances and with batting practice. My son loved spending time with Tyler, and would often ask Tyler to challenge him so that he could hone his skills even more with one-on-one practice, rather than with his team coaches in a group setting.

Tyler, in my opinion, is one of the sweetest young men I have ever had the pleasure of knowing. His bright attitude, good manners, and helpful nature always made him a delight to be around. We have a large family of friends who look out for each other, keep watch over our children, and love and support each other. Tyler has many people looking out for him, and will always love him.

Thank you,

Sara Walker

Hello,

My name is Rebecca Bascom and I have had the pleasure of knowing Tyler for 5 years. The first time we met, was winter and he was getting ready for a basketball game at his school. I met Tyler through his mother. In being around Tyler on many occasions, I have become to know what an exceptional young man he is.

Tyler is one of the 1st people to volunteer to help other people, even in our community. My first-hand experience of this happened in the spring. I am a mom of an amazing 10 year old who plays many sports, including baseball. He had a frustrating few games as he kept stepping out of the box. I sent a message to Tyler asking what I can do to help my kiddo. He gave me many ideas and even offered to come work with him if needed so he can excel in a sport he loves. With the things Tyler recommended I was able to help my son feel more confident as he stopped stepping out of the box. With how many questions I asked him and updates I gave him, I am thankful for his help with the tips he gave to motivate my son.

Tyler is also a caring individual. He will be the last person to grab a plate and the person asking how he can help clean up. He's the type of person that will push his teammates to succeed so they can win as a team rather than him be the person to stand out. Tyler has always led a very positive life. I look at him as a mentor for kids that are interested or playing sports, including my son.  He was very involved in many High school sports and other people his age and younger have always looked up to him.

Nothing has previously happened like this in the past. This young man has so much support from his family and friends who will always be there for him to help him succeed. I am confident that a situation as this will not happen again. I do hope for the best outcome of this case.


If you need to verify anything in this letter, please do not hesitate to call me


Warmest Regards,


Rebecca Bascom

*Rebecca a. Bascom*

October 28th, 2016

To Whom This Letter Concerns,

I am providing this character reference, in full knowledge of the charges he is facing, on behalf of Tyler Konigsmark. I have known this young man his entire life, actually having had a helping hand in raising him in his younger years. This is a young man who has many great aspirations, to become a firefighter and most of all take the game of baseball as far in life as he can, just to name a few. Ever since Tyler was old enough to hold a baseball, you could find him outside playing a game of catch or fielding some grounders.

Tyler has always been devoted to working hard and making his dreams come true. He would spend countless hours preparing for the sporting season, whether it be basketball or baseball. He participated in many sports camps helping younger kids develop their talents. Tyler also has the biggest and kindest heart. He is also a great big brother, helping his mother numerous times when needed, babysitting his siblings while she worked to provide for their family. This boy is generous, kind, smart, giving, funny, hardworking, and most of all a truly deep down good person.

Sincerely,

Kerri Miller

Kerri Miller

Dear Judge Strand,

I am writing you about the case of Tyler Konigsmark. I've known Tyler since we were both in seventh grade, you could always catch him on a baseball field, or a basketball court, or anywhere a sport was involved. He is always willing to help out his fellow teammates improve themselves, and even would help me out making me better at basketball and softball, putting everyone else's needs in front of his own. He always had a huge dream of playing in the NBA or MLB and overtime he would talk about it, his face would light up. He had a full ride scholarship waiting for him to Iowa Western and the joy I saw on his face overtime he talked about it was enough to make anybody feel happy about it. He worked so hard to get there, and deserved every bit of it. Tyler always talked about being a fire fighter if his sports dream didn't work out, he always wanted to be able to help people in one way or another, and saving people from fires, even though that meant possibly getting hurt himself he didn't care, as long as he helped people that's all he wanted to be able to do.

Over the years of knowing Tyler we have been best friends, I know that he is caring, compassionate, intelligent, and one of the most hard working people I know. When I was going home from my apartment he volunteered his time, his truck, and his hands. He took the whole day off of doing what he needed to do for himself to help me move home, he didn't have to, but he did anyway. In 9th grade when we went downtown to watch the fireworks on the fourth of July, there was a fight that broke out between quite a few people, he didn't want my friend and I to get hurt so he blocked us the whole time so they wouldn't touch us. One of our friends had to walk to her car alone and he refused to let her go alone so he took her to her car so she wouldn't get hurt, and he ran back all the way to find us again. He always has put people and their needs over himself, no matter what it was and no matter the situation. After my grandpa died, he was the only person I wanted to talk to, he knew exactly what to say and do to make me feel better. My grandpa was the fifth death in my family in the same year, he knew that it was hard for me, all he wanted to do was make me feel better, that was his only goal. For a week straight he would talk to me everyday and take me on drives, despite things going on in his life he took the time to make sure I was okay over anything. I don't know anyone who would do as much to make a person feel better, then Tyler Konigsmark.

Many things over the years have shown me that Tyler is a great guy, and never will I ever think differently. He is one of the greatest people I know and I've been so blessed to know him all these years. I hope some of these things will be put into consideration for what a great guy he really is. I appreciate you taking time out of your day to read this.


Thank you.

Alyssa Dunham

October 28, 2016


The Honorable Leonard T. Strand
United States District Court
Northern District of Iowa


Dear Judge Strand,

I am writing to you on behalf of Tyler Konigsmark. In the approximately five years that I have known Tyler, he has proven himself to be a kind, compassionate and hard-working young man. Tyler has worked very hard for everything he has achieved so far in his young life, whether it be in sports, in the classroom or at work. Tyler has always been willing to help others, if it is within his power to do so. I have witnessed him help his friends and his family's friends. Whether it was moving furniture and sound equipment or mentoring a friend's child in baseball. Tyler is always there to help however he can.

I have also watched Tyler be an amazing big brother to his younger siblings. While most people his age would be too busy with their own social life, Tyler has made time to spend with his younger brother and sister. He encourages them to be the best people they can be and would defend them with his life. The people that Tyler is closest to are his family, even though not all of them are related to him by blood. Family is everything to Tyler.

Even though I have only known Tyler for a handful of years, I am very proud to call him my friend, and my family.

Thank you for your time.

Sincerely,

Jennifer L. Philipp

To Whom It May Concern,

I am writing this letter on behalf of Tyler Konigsmark. Tyler has always been a great kid and young adult. He has always shown me a great deal of respect. He is someone that you can count on to step in and help – whether it is doing something small to help out or something that entails more effort. I have been honored to know Tyler over the last few years and extremely proud of him and all he has done for his family and friends. He has always displayed a good head on his shoulders, stayed out of trouble, and demonstrated a good work ethic.

I met Tyler when I became friends with his mother Crista a few years ago. Tyler and Crista have always had a great bond. As someone who lost my mother when I was in my twenties, I know the importance of having a strong bond with your mother while you have them here with you on Earth. His love and respect for his mother has always been apparent and she has been his biggest cheerleader and he hers. I also have witnessed his love and support for his siblings J        and T        Clearly, family is and always has been important to Tyler. Crista has had medical issues – seizures throughout her life and Tyler has been a huge source of support. He even left school to come home and be with his family when she was facing a possible surgery. He has always valued his education and hoped to also be a successful baseball player. With scholarships in play and a willingness to succeed in life, he still showed his family unconditional support and put them first. However, he still did an amazing job balancing family, sports, and school. Very impressive considering many kids that age are all about having fun while they can.

I am impressed by his love for his family, friends, and friends who are family. Ever since knowing this family, I feel like a member of it. Tyler is like a younger brother or nephew to me. I know he would do anything to help me out and overall he has a good heart and also can make you laugh and brighten your day. I pray for Tyler always that he is given a chance to overcome and succeed.

Thank you,

Aimee Goldsberry

To Whom It May Concern,

My name is Casandra Orr. I'm writing on behalf of Tyler Konigsmark. I have only known Tyler for a short time, but in that time, I can tell you that Tyler made a big impression. Tyler is a sweet young man that cares for everyone he meets, and will bend over backwards to help and keep everyone safe. On St. Patrick's Day of 2016, I came out as transgender. I was scared and nervous if I was safe in Cedar Rapids. Tyler never blinked an eye when we met for the first time. He made sure no one hassled me, and gave me nothing but respect and care. The next time I was with Tyler, I was having a bad day and needed to vent. I went to talk to his mother, Crista, and he was there. Still not really knowing who I am, he sat and talked with me. He listened to me vent about my son and his medical issues. Tyler cared deeply.

My point is to proudly say that I trust Tyler and know he has dreams and goals. He is a great kid and would never do any harm to anyone. He is surrounded by some of the greatest people in Cedar Rapids. Please let Tyler prove to you that he is a great guy and will do great things in his life. He has a baseball scholarship to college and he is motivated to prove himself.


Thank you,

Casandra Orr

As a father, I am proud to say that I would claim Tyler as my son any day. The amount of respect he has for me and my family is great, and he is a fun person to have around. All throughout the summer, Tyler and I played softball together in an adult league. He was always on time to games and practices, and never once did he undermine another player or citizen there. He was always laughing, smiling, and being a good sport whether we won or lost. I have three kids of my own and not once did I ever feel uncomfortable with Tyler being around them. We always invited him to family events and you better bet he was always there. If I needed help with a chore, you can already guess who I called, because if he promised to be there, he was ready to work until the job was done. Overall, Tyler is an outstanding kid and never lost sight of a great future. Wanting to continue his baseball career and become a firefighter was something he was comfortable talking to me about. Whenever he needed to talk, I was one of the people he came to and I will never turn him away. Tyler is a wonderful kid and I am glad that I know him.

Thank you,

Lonnie Rohret

Tyler is one of those people you can always count on to be there for anyone in any circumstance. Never once did he break a promise to you once it was made, nor had an issue finishing the task he was there to help with sufficiently. Tyler always talked of pursuing his career in baseball, and he was a gifted player. After baseball, the talk of being a firefighter never left his head. He was determined and passionate about everything in his future. Tyler always kept busy with school, work, and sports but he still managed to make sure he found time for his friends and family he adores so much. Tyler was a role model to all the kids in the group. Being a mother myself, I never once doubted my children's safety around him. He was caring and was always bringing laughter and a smile to everyone around him, he is an extraordinary kid. He is well mannered and respects anyone no matter who they are to him. Tyler is like a son to me and he always will be seen that way.

Thank you,

Lisa Rohret

To whom it may concern,

I'm writing this letter in regards to my son, Tyler Konigsmark. My son has been a very positive and kind person all his life, always wanting to help save and fix people, and with problems that might come up. Tyler is the kind of person to always put everyone else first, then taking care of himself. He was always willing to help kids with baseball and helping them to improve and be successful.

Tyler returned home in January of 2016 from his college in Louisiana, putting his life and dreams on hold because I supposed to have brain surgery for my epilepsy. Tyler then started looking for colleges to attend closer to home. He received a full ride baseball scholarship to attend Iowa Western in Council Bluffs, Iowa. He was hoping to be drafted, as he had already received letters from the Arizona Diamondbacks and Toronto Blue Jays. If his baseball career didn't work out, his goal was to become a firefighter. He's wanted to do that since he was 10 years old. He has very large dreams and goals, but for now they are put on hold.

Tyler has a brother and sister who he is very close to, and has always spent a lot of time with them. They miss him so much.

Tyler has never been in trouble and he has always stayed positive, trying to make the best decisions he could for himself and other people. Now he is just scared out of his mind. Another concern he has right now is his health. He was born with one kidney and is having problems with that for the first time since he was very young. He is very worried about that and I'm hoping he can receive care for that while incarcerated. My son is a caring and sweet man and would never try to hurt anyone and hope you can see this in him.

Thank you for your time,

Crista Konigsmark