IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> TYLER KONIGSMARK, <br><br> Defendant. | No. 16-CR-57-CJW-MAR <br><br> **ORDER** |

This matter is before the Court on defendant's pro se motion for compassionate release. (Docs. 66 & 68).[1] Defendant requests release or placement on home confinement due to the COVID-19 pandemic. (Doc. 66, at 2). Defendant cites his kidney issues and the fact that he has only one kidney as increasing his risk of severe outcomes from COVID-19. (*Id.*, at 2).[2]

## *I. BACKGROUND*

On December 1, 2016, the Court sentenced defendant to 132 months' imprisonment followed by ten years on supervised release on one count of enticing a minor. (Doc. 56). Defendant is currently incarcerated at Sandstone FCI with a projected release date of December 29, 2025.[3]

---

[1] In a letter to the Court, defendant states the Court directed the government to respond to his motion in October 2020. (Doc. 67). The Court did not direct the government to file a response.

[2] Defendant states that he was born with only one kidney (Doc. 66, at 2), and his presentence investigation report ("PSR") agrees (Doc. 44, at 13). The record shows, however, that he underwent a right nephrectomy, i.e. had his kidney removed, in 2002, when he was six. (Doc. 66, at 34, 36). Defendant's PSR also notes that he regularly received treatment related to his kidney as a child. (Doc. 44, at 13). Regardless of the exact timeline, defendant has only one kidney now. The Court also notes that there is no allegation or evidence to support that defendant has ever undergone a kidney transplant.

[3] *Find an Inmate*, BOP, https://www.bop.gov/inmateloc/.

## II.     COMPASSIONATE RELEASE STANDARD

The term "compassionate release" refers to Title 18, United States Code, Section 3582(c)(1)(A), which allows a defendant to directly petition a district court for a sentence reduction "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Under Section 3582(c)(1)(A), if a defendant fully exhausts administrative remedies, the court may reduce the defendant's sentence, after considering the factors set forth in Title 18, United States Code, Section 3553(a) to the extent they are applicable, if the court finds that "extraordinary and compelling reasons warrant such a reduction." *See also United States v. Rodd*, 966 F.3d 740, 748 (8th Cir. 2020).

## III.     ANALYSIS

Defendant attaches documentation to his motion indicating that he has exhausted his administrative remedies. (Doc. 66, at 24, 62, 68–69). Thus, the Court will proceed to the merits.

Defendant has failed to identify an extraordinary and compelling reason for release. The Centers for Disease Control and Prevention ("CDC") has indeed stated that "[h]aving a chronic kidney disease of any stage increases your risk for severe illness from COVID-19."[4] The CDC has not stated, however, whether having only one kidney increases a person's risk. The Court is not aware of any medical research holding as such. The National Kidney Foundation states that "[n]o specific information exists about there being a higher risk for COVID-19 in people who have a single kidney as compared with the general population."[5] Defendant's medical records do not show any history of

---

[4] *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (Dec. 29, 2020).

[5] *Managing Your Health During the COVID-19 Outbreak*, National Kidney Foundation, https://www.kidney.org/coronavirus/managing-your-health-covid19.

2

kidney diseases, or any notable medical issues at all. (Doc. 66, at 28–36). The only issue noted in defendant's PSR and in a separate medical record is that he occasionally urinated blood or had amber-colored urine in 2016 and at least once in April 2017. (Docs. 44, at 13; 66, at 37). Nowhere is this condition directly connected to his lack of a second kidney, noted as indicating kidney disease, or noted as chronic. Defendant's PSR indicates his kidney health has been stable for years. (Doc. 44, at 13). As discussed, the Court has no medical basis to find that having only one kidney makes defendant more at risk from COVID-19. Moreover, defendant is only 24 years old and is therefore less likely to experience severe outcomes from COVID-19.[6] On balance, the Court finds, based on the currently available medical evidence, that defendant's lack of a second kidney and urinary issues do not constitute an extraordinary and compelling reason for release or placement on home confinement.

Even if defendant had stated an extraordinary and compelling reason, the Court would still deny release or placement on home confinement under the Section 3553(a) factors, regardless of defendant's stated rehabilitation. Defendant's projected release date is roughly five years away. He has served only about half of his term of incarceration. Defendant's crime of conviction here is aggravating and involves minor victims, even accounting for the fact that defendant himself was younger at the time. (Doc. 44, at 4–8). Reducing defendant's sentence now would fail to achieve the goals of sentencing and cause defendant's sentence to be disparate from other, similarly situated defendants. *See United States v. Lizarraga*, No. 15-CR-2027-CJW-MAR, 2020 WL 7346036, at *6 (N.D. Iowa Dec. 14, 2020) ("The Court has often turned to the remainder of a defendant's term of imprisonment . . . as reflecting many of the goals of Section

---

[6] *Older Adults*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (Dec. 13, 2020) (noting that eight out of ten deaths related to COVID-19 in the United States have been in persons over age 65 and that persons over age 85 are at the greatest risk).

3553(a)[.]") (citation omitted). Such a reduction would fail to reflect the seriousness of defendant's offense, promote respect for the law, provide just punishment, deter defendant and others, and protect the community. Defendant's reasons for release do not overcome the utility of upholding his sentence for all the same reasons the Court initially expressed in imposing its judgment.

## IV. CONCLUSION

For these reasons, defendant's pro se motion for compassionate release (Doc. 66) is **denied**.

**IT IS SO ORDERED** this 30th day of December, 2020.

_____
C.J. Williams
United States District Judge
Northern District of Iowa